COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


WENDELL W. TERRY

                                          MEMORANDUM OPINION*
v.    Record No. 1527-99-3                     PER CURIAM
                                            OCTOBER 5, 1999
FRANKLIN COUNTY DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                    William N. Alexander, II, Judge

            (Timothy W. Allen, on brief), for appellant.
            Appellant submitting on brief.

            (Sarah A. Rice; Davis, Davis, Davis & Rice,
            on brief), for appellee.  Appellee
            submitting on brief.


     Wendell W. Terry (Terry) appeals the decision of the circuit

court terminating his parental rights to his son.  Terry contends

that the Franklin County Department of Social Services (DSS)

failed to present clear and convincing evidence sufficient to

satisfy the requirements of Code § 16.1-283.  Terry specifically

argues that the DSS failed to offer him sufficient services to

help him regain custody of his son.  We conclude that this appeal

is without merit.  Accordingly, we affirm the decision of the

trial court.


_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests."  The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Id. (citations omitted).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).

The trial court found that DSS presented sufficient evidence under Code § 16.1-283(C) to terminate Terry's parental rights.  Under Code § 16.1-283(C)(2) (Michie Cum Supp. 1998), the parental rights of a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the best interests of the child and that:

> 2.  The parent . . ., without good cause, [has] been unwilling or unable within a reasonable period not to exceed twelve months from the date the child was placed in

-

foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

DSS received custody of the child in March 1996 following Terry's release from prison and positive drug test. When DSS sought to take the child into custody, the worker was unable to locate the child at school. The child was at home although it was a school day.

Under the initial foster care plan, Terry was required to obtain and maintain suitable housing, participate in drug abuse counseling, and submit to drug screening. Terry's visitation rights were contingent on his negative drug tests. Corrine Krouse, the DSS social worker, reviewed the foster care plan with Terry prior to its approval by the court. Krouse told Terry

-

that she could work with him to obtain employment, housing, and substance abuse training.

The evidence established that Terry never complied with the requirements of the foster care plan and refused any assistance offered by DSS. DSS arranged for drug counseling, but Terry refused to participate. Krouse drove to Terry's trailer repeatedly in the first month his son was in foster care in her attempts to keep in contact with him, with no response from Terry. Terry refused to provide DSS with current addresses or telephone numbers where he might be reached. DSS offered Terry assistance with transportation and housing, which he rejected. He disrupted his son's initial foster care placement by going to the foster home without permission and while under the influence of alcohol. Although the district court issued an order requiring Terry to make no contact with his son unless arranged through DSS, Terry continued to have unauthorized visits with his son at a new foster home, at school, and at church. DSS also attempted to place the child with relatives when, after two years, "minuscule progress [had] occurred with this case."

At the hearing, Terry admitted that he did not have permanent housing. He also testified that he never received drug counseling except for what he received while incarcerated. Terry tested positive for cocaine at the time of the hearing, despite testifying that he had not to his knowledge used cocaine since March 1996. Terry's claim that he tried to work with DSS

-

was refuted by DSS workers, who stated that Terry refused to contact them or provide them with any means to contact him. There was no question that Terry failed to comply with the requirements of the foster care plan. "The law does not require the [DSS] to force its services upon an unwilling or disinterested parent." Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986).

The child had been in his current foster care placement for more than three years. While there is evidence that the child and Terry loved each other, the evidence also demonstrates that the child was thriving in his current placement. The child had recently shown signs of defiance, which the foster mother associated with the unauthorized contacts with Terry. The foster parents were anxious to adopt the child. The trial court found that the termination of Terry's parental rights was in the child's best interests.

Evidence supports the trial court's determination that DSS presented clear and convincing evidence satisfying the requirements of Code § 16.1-283(C)(2). Accordingly, the decision of the circuit court is affirmed.

Affirmed.